FILED

AUG 1 1 2011 NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ) No. 11 CR 413

v.

AUDREY PRICE, a/k/a "A.P.," PAUL GAITER, BENYAMIN SMITH, a/k/a "Yada," and SHERRY BOOKER-SULTON, a/k/a "Diane" ) Violation: Title 18, United States Code Section 1343.

MAGISTRATE JUDGE MASON

JUDGE FEINERMAN

**COUNT ONE**

The SPECIAL FEBRUARY 2011-2 GRAND JURY charges:

1. At times material to this indictment:

a. Company A operated a chain of large discount and warehouse stores at various locations in the Northern District of Illinois and elsewhere.

b. Company A offered an in-store payroll check cashing service to its customers. In exchange for a nominal fee, a customer could cash his payroll check worth $5,000 or less at a Company A store. In order to cash a payroll check at a Company A store, the customer had to present a valid, government-issued form of photo identification. In order for the check to be successfully cashed, the name and address on the identification had to match the name and address on the payroll check that the customer presented to be cashed.

c. Company A employed Company B to oversee the processing of these payroll checks. Company B was a check-verification corporation headquartered in Florida, which provided check risk management and check-cashing services to financial institutions, retailers, and consumers worldwide to facilitate the exchange of business and consumer

payments. Company B's check authorization servers were located in St. Petersburg, Florida and Chicago, Illinois.

d. Company A cashed a payroll check for a customer only after it submitted the check and other information to a verification process performed by Company B.

2. Beginning no later than on or about March 30, 2008, and continuing until at least on or about June 16, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

AUDREY PRICE, a/k/a "A.P.,"
PAUL GAITER,
BENYAMIN SMITH, a/k/a "Yada," and
SHERRY BOOKER-SULTON, a/k/a "Diane,"

defendants herein, together with other individuals known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud and obtain money by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described as follows:

3. It was part of the scheme that defendants and their co-schemers fraudulently obtained money and attempted to obtain money from Company A and similar companies by cashing and attempting to cash in excess of approximately $1.1 million in counterfeit payroll checks at these companies' stores, and then converted the fraudulently obtained money to their own use and benefit. As a result of the scheme, defendants and their co-schemers obtained and attempted to obtain at least approximately $1.1 million.

4. It was further part of the scheme that defendant AUDREY PRICE used a computer to create counterfeit payroll checks. PRICE placed the names of actual financial institutions and actual bank routing numbers on these checks.

5. It was further part of the scheme that defendants AUDREY PRICE, PAUL GAITER, BENYAMIN SMITH, and SHERRY BOOKER-SULTON recruited co-schemers to provide their identification information, including names and addresses, to be used on the counterfeit payroll checks.

6. It was further part of the scheme that defendants PAUL GAITER, BENYAMIN SMITH, and SHERRY BOOKER-SULTON provided their recruits' real names and addresses to defendant AUDREY PRICE so that PRICE could print the recruits' names and addresses on the counterfeit payroll checks.

7. It was further part of the scheme that, after adding the recruits' names and addresses to the counterfeit payroll checks, defendant AUDREY PRICE provided the counterfeit payroll checks she created to defendants PAUL GAITER, BENYAMIN SMITH, SHERRY BOOKER-SULTON, and other co-schemers, so that GAITER, SMITH, BOOKER-SULTON, and others could cash and attempt to cash, and cause to be cashed, the counterfeit checks at Company A stores and other similar stores.

8. It was further part of the scheme that defendants PAUL GAITER, BENYAMIN SMITH, and SHERRY BOOKER-SULTON drove the co-schemers whom they

had recruited to Company A stores and other similar stores so that the co-schemers could cash and attempt to cash the counterfeit checks.

9. It was further part of the scheme that the co-schemers entered Company A stores and other similar stores in Illinois, Iowa, and elsewhere, and presented the counterfeit checks to Company A personnel along with their real, government-issued photo identification, for the purpose of cashing the counterfeit checks.

10. It was further part of the scheme that AUDREY PRICE's use of actual financial institutions and actual bank routing numbers on the counterfeit payroll checks often caused the checks to be authorized and cashed.

11. It was further part of the scheme that if a Company A store refused to cash a counterfeit payroll check, then Company A returned the counterfeit check to the co-schemer, who returned the counterfeit check to his recruiter, who in turn returned the counterfeit check to defendant PRICE.

12. It was further part of the scheme that if a co-schemer successfully cashed a counterfeit payroll check at Company A, the co-schemer shared the proceeds he received from Company A with his recruiter and with defendant PRICE.

13. It was further part of the scheme that defendants misrepresented, concealed and hid and caused to be misrepresented, concealed and hidden, the purposes of and the acts done in furtherance of the scheme and used means to avoid detection by law enforcement authorities and otherwise to provide security to the members of the scheme.

14. On or about April 10, 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

AUDREY PRICE, a/k/a "A.P.,"

defendant herein, for the purpose of executing and attempting to execute the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals from a Company A store in Lockport, Illinois to Company B's computer server in St. Petersburg, Florida, namely, an electronic account verification request for check number 203 in the amount of approximately $856.10;

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT TWO**

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about October 3, 2009, in the Northern District of Illinois, Eastern Division, and elsewhere,

AUDREY PRICE, a/k/a "A.P.,"

defendant herein, for the purpose of executing and attempting to execute the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals from a Company A store in Forest Park, Illinois to Company B's computer server in St. Petersburg, Florida, namely, an electronic account verification request for check number 18 in the amount of approximately $748.64;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THREE

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about March 30, 2010, in the Northern District of Illinois, Eastern Division, and elsewhere,

AUDREY PRICE, a/k/a "A.P." and
PAUL GAITER,

defendants herein, for the purpose of executing and attempting to execute the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals from a Company A store in Aurora, Illinois to Company B's computer server in St. Petersburg, Florida, namely, an electronic account verification request for check number 18 in the amount of approximately $988.21;

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT FOUR**

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about December 4, 2010, in the Northern District of Illinois, Eastern Division, and elsewhere,

AUDREY PRICE, a/k/a "A.P.,"

defendant herein, for the purpose of executing and attempting to execute the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals from a Company A store in Forest Park, Illinois to Company B's computer server in St. Petersburg, Florida, namely, an electronic account verification request for check number 18 in the amount of approximately $987.62;

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT FIVE**

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about May 29, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

AUDREY PRICE, a/k/a "A.P." and
SHERRY BOOKER-SULTON, a/k/a "Diane,"

defendants herein, for the purpose of executing and attempting to execute the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals from a Company A store in Oswego, Illinois to Company B's computer server in St. Petersburg, Florida, namely, an electronic account verification request for check number 11 in the amount of approximately $687.41;

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT SIX**

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about June 1, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

AUDREY PRICE, a/k/a "A.P." and
BENYAMIN SMITH, a/k/a "Yada,"

defendants herein, for the purpose of executing and attempting to execute the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals from a Company A store in Davenport, Iowa to Company B's computer server in Chicago, Illinois, namely, an electronic account verification request for check number 11 in the amount of approximately $688.71;

In violation of Title 18, United States Code, Sections 1343 and 2.

**COUNT SEVEN**

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about June 3, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

AUDREY PRICE, a/k/a "A.P." and
SHERRY BOOKER-SULTON, a/k/a "Diane,"

defendants herein, for the purpose of executing and attempting to execute the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals from a Company A store in Darien, Illinois to Company B's computer server in St. Petersburg, Florida, namely, an electronic account verification request for check number 11 in the amount of approximately $696.84;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT EIGHT

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 13 of Count One of this indictment are incorporated here.

2. On or about June 16, 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

AUDREY PRICE, a/k/a "A.P." and
BENYAMIN SMITH, a/k/a "Yada,"

defendants herein, for the purpose of executing and attempting to execute the scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals from a Company A store in Davenport, Iowa to Company B's computer server in Chicago, Illinois, namely, an electronic account verification request for check number 11 in the amount of approximately $787.41;

In violation of Title 18, United States Code, Sections 1343 and 2.

**FORFEITURE ALLEGATION**

The SPECIAL FEBRUARY 2011-2 GRAND JURY further charges:

1. The allegations contained in Counts One through Eight of this indictment are incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. As a result of their violations of Title 18, United States Code, Section 1343, as alleged in the foregoing indictment,

AUDREY PRICE, a/k/a "A.P.,"
PAUL GAITER,
BENYAMIN SMITH, a/k/a "Yada," and
SHERRY BOOKER-SULTON, a/k/a "Diane,"

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest they may have in any property, real and personal, constituting, and derived from, proceeds obtained, directly and indirectly, from the charged offenses.

3. The interests of the defendants jointly and severally subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), includes but is not limited to funds in the amount of approximately $600,716, which funds represent the proceeds obtained, directly and indirectly, from the charged offenses.

4. If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendants:

(a) Cannot be located upon the exercise of due diligence;

(b) Has been transferred or sold to, or deposited with, a third party;

(c) Has been placed beyond the jurisdiction of the Court;

(d) Has been substantially diminished in value; or

(e) Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

______________________________
FOREPERSON

______________________________
UNITED STATES ATTORNEY